IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD COSTELLO WATKINS, #166-707,  *
        Petitioner
                            *

v.                                          CIVIL ACTION NO. AMD-06-910
                                       *
JON P. GALLEY, et al.,
        Respondents        *
                               ******

MEMORANDUM

On April 7, 2006, Gerald Costello Watkins filed this habeas corpus petition seeking to vacate his May 19, 1995, convictions and sentences in the Circuit Court for Baltimore City. On April 14, 2006, this court entered an order directing respondents to address the timeliness of the petition. Paper No. 4. The court has received respondents' answer (with a supplemental filing), and petitioner's reply thereto. Paper Nos. 5, 7 and 9. Consideration of the pleadings and exhibits shows that no hearing is needed. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the petition will be dismissed as time-barred.

Procedural History

Petitioner seeks to challenge his May 19, 1995, conviction in the Circuit Court for Baltimore City for first degree murder, use of a handgun in the commission of a crime of violence, and carrying a handgun.[1] Paper No. 5, Exhibits 1-2 and Paper No. 1 at 2. On appeal, petitioner argued that (1) the State had not shown good cause to postpone the April 10, 1995, trial date and (2) the unavailability of a transcript of the April 10, 1995, postponement hearing deprived him of meaningful appellate review. On May 1, 1996, the Court of Special Appeals of Maryland affirmed the convictions in an

---

[1] In July 1995, petitioner was sentenced to life imprisonment and a consecutive term of 20 years, the first five years to be served without parole. *Id.*, Exhibit 1 and Paper No. 1 at 1.

unreported opinion. *Id.*, Exhibit 2. On October 10, 1996, the Court of Appeals of Maryland denied further review. *Id.*, Exhibit 3. Petitioner did not seek *certiorari* to the United States Supreme Court. His convictions thus became final on January 8, 1997. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

On April 16, 1998, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. Paper No. 5, Exhibit 1. The petition was withdrawn without prejudice by order entered December 1, 1998. *Id*.

On April 3, 2002, petitioner again filed a post-conviction petition. *Id.*, Exhibit 1 and Paper No. 1 at 4. Among the issues presented were several claims of ineffective assistance of counsel. The issues included petitioner's contention that in opposing the postponement of his trial, counsel should have made an argument that the State had ample opportunity to communicate with its witness John Parnell prior to April 10, 1995, and that the prosecutor's characterization that the witness had just been found was false. Petitioner also contended that trial counsel failed to object when the prosecutor and trial judge improperly shifted the burden of proof to him. Paper No. 9, Exhibit 7 at 5-9.

Petitioner was granted leave to file a belated motion for sentence reduction and an application for review of sentence, but relief was otherwise denied by the Circuit Court on May 29, 2003. *Id.*, Exhibit 7. Petitioner did not seek leave to appeal the Circuit Court's decision. Paper No. 5 at 1 and Paper No. 1 at attachment p. 6.

On March 24, 2005, petitioner filed a motion to reopen post-conviction proceedings, arguing that a privately retained investigator had examined the criminal court file and found the proper address for John Parnell provided on writs of habeas corpus ad testificandum requested by the State

as early as April 3, 1995, one week prior to the scheduled trial date.[2] The Circuit Court denied the motion to reopen by order entered on July 15, 2005. *Id*., Exhibit 1. Petitioner's application for leave to appeal denial of the motion was summarily dismissed by the Court of Special Appeals on February 8, 2006.[3] *Id*., Exhibit 4.

In this federal petition for habeas corpus relief, petitioner alleges that (1) his speedy trial rights were violated due to misconduct on the part of the State and (2) the prosecutor improperly shifted the burden of proof to the defense.

## Legal Analysis

A one year period of limitations applies in this case. *See* 28 U.S.C. §2244(d);[4] *see also Harris v. Hutchinson*, 209 F.3d 324, 328 (4th Cir. 2000). Petitioner's convictions became final on January 8, 1997. He did not initiate state post-conviction relief until April 16, 1998, and thereafter withdrew his request for relief. By April 16, 1998, however, the one-year limitations period already had expired. Petitioner argues that the documents uncovered by the private investigator, which led him to seek to reopen post-conviction proceedings on March 24, 2005, serve to toll the limitations period.

---

[2]Petitioner contends these writs demonstrate that the prosecutor could have met with Parnell a week prior to trial and learned from him the names of two additional witnesses. Petitioner argues the writs prove the prosecutor lied on April 10, 1995, when she informed the trial court that she had just discovered Parnell's whereabouts and needed more time to prepare the State's case. Neither Parnell nor the other two individuals were called to testify at trial by the State.

[3]The court's mandate issued on March 14, 2006. *Id*.

[4]This section provides, in pertinent part, as follows:
    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

This argument is unavailing. On April 3, 2002, petitioner filed a second post-conviction petition, and fully litigated the question of whether counsel was ineffective in failing to oppose postponement because the witness was available to the State in the months preceding the April 10, 1995, postponement hearing. Indeed, the post-conviction court's decision of May 29, 2003, specifically references that

> [t]he record indicates that the earliest summons issued for John Parnell was posted on December 1, 1994 at 1250 Augusta Avenue. Subsequent summonses were posted or left under the door at the above noted address. The earliest writ for John Parnell at the Maryland Penitentiary was signed on April 3, 1995. There is no indication from the record, nor has Petitioner provided any evidence that the State had a good address for John Parnell or actually effected service of a summons prior to April 3, 1995, when the writ was issued.

Paper No. 9, Exhibit 7 at 6. After this decision was issued, an investigator uncovered four subpoenas addressed to Roxbury Correctional Institution staff in the criminal court file. The earliest subpoena seeking to bring Parnell to court was dated April 3, 1995. Paper No. 1, Exhibit A at 2-5. This additional evidence, deemed insufficient to require the reopening of post-conviction proceedings, does nothing to invalidate the May 29, 2003, post-conviction decision and thus provides no basis for tolling the limitations period.[5] The Petition is time-barred and therefore must be dismissed. An order follows.

Filed: October 16, 2006                          /s/
                                                                                                       Andre M. Davis
                                                                                   United States District Judge

---

[5]In any event, trial was postponed until May 16, 1995, one month beyond the 180-day speedy trial period set out in Maryland Rule 4-271 and Maryland Code Ann., art. 27, § 591. Whether this state law deadline was complied with is not relevant to the issue of whether petitioner's Sixth Amendment right to a speedy trial had been violated under the four factors delineated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)(evaluating the length of the delay; the reason for the delay; when the right was asserted; and whether the defendant was prejudiced by the delay). None of the pleadings or exhibits submitted by petitioner sets forth any alleged prejudice suffered due to the minimal delay between the 180-day deadline and the commencement of trial.